PICKLE *v.* RECEIVER OF ST. LOUIS AND SAN FRANCISCO RY. CO.

[75 South. 448, Division B.]

CARRIERS. *Notice of loss. Question for jury.*

Where under a bill of lading, making it a condition precedent to a recovery of damages for loss in shipment of stock, that the shipper give notice in writing of his claim to a general officer or the nearest local station agent, the shipper orally notified the station agent, who wrote out the claim, but the shipper himself was not quite positive that the written claim was made, though he testified, as his best recollection that it was reduced to writing, in such case it was a question for the jury as to whether the stipulation was complied with.

APPEAL from the circuit court of Monroe county.

HON. CLAUDE CLAYTON, Judge.

Suit by George W. Pickle against the receiver of the St. Louis & San Francisco Railroad Company. From a judgment on a peremptory instruction for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Leftwich & Tubb,* for appellant.

*Geo. T. Mitchell,* for appellee.

COOK, P. J., delivered the opinion of the court.

Mr. Pickle, the appellant, sued the appellee railway company for alleged damages to a shipment of horses. When the shipment arrived at the destination, the station agent was notified of the injury to the horses, and he promised to look them over and send in a claim to the company. The next day, or a day or so thereafter, he did look at the stock and informed the owner that he would prepare the claim, and that he did write out the claim, but the owner was uncertain as to his signing the paper. This was substantially the evidence in the trial of the case. Upon the motion of the defendant, the trial judge directed the jury to return a verdict for the defendant.

The bill of lading contained the usual stipulation to the effect that:

"As a condition precedent to recovery of damages for any death, loss or injury or the delay of the live stock the shipper shall give notice in writing of his claim to some general officer of the company or the nearest station agent, etc., . . . and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, injury or delay."

In this case, the station agent was notified of the injury to the stock, and he promised to make out the

claim, and did write out the claim. The shipper was not quite positive that the written claim was made, but he stated, as his best recollection, that it was reduced to writing.

We think this was a case for the jury and falls within the rule announced in *N. O. & N. E. Ry. Co.* v. *Wood,* 73 So. 615.

*Reversed and remanded.*